UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 17-7108-JCB

UNITED STATES OF AMERICA

v.

JUAN ARTILES TAVERAS

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

June 8, 2017

Boal, M.J.

Defendant Juan Artiles Taveras is charged in a complaint with possession with intent to distribute cocaine, and attempt to do so, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and aiding and abetting in violation of 18 U.S.C. § 2.  An initial appearance was held on June 5, 2017, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(c) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act)  and § 3142(f)(2)(A) (risk of flight).

The Court held a detention hearing on June 7, 2017, and the parties proceeded by proffer. The defendant submitted two exhibits into evidence.  The Court considered the evidence submitted at the hearing, the parties' arguments, and a Pretrial Services report recommending release.  After careful consideration of the evidence and for the following reasons, the Court finds that the government has not met its burden regarding detention and is prepared to release the defendant on conditions.

I.   ANALYSIS

    A.   The Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger and flight arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk. United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by* United States v. O'Brien, 895 F.2d

810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government. Jessup, 757 F.2d at 381.

**B. Nature Of The Offense**

The government alleges that on June 2, 2017, Taveras traveled to Attleboro, Massachusetts where agents observed him take a bag containing two kilograms of cocaine. The conversation preceding the transaction was recorded by audiovisual means. Subsequent to his arrest, Taveras waived his Miranda rights and admitted that he traveled to Massachusetts to pick up the cocaine.

**C. Defendant's History And Characteristics**

Taveras, age 43, was born in Santo Domingo, Dominican Republic. He traveled to the United States in 1992 and is a Legal Permanent Resident of the United States. For the past 25 years, Taveras has lived in New Jersey. He is married and has five children.

Taveras purchased a home in New Jersey in September 2016, which he shares with his wife and four of his five children. He has put a substantial amount of effort into remodeling the home. Taveras has one-year old twins who currently require ongoing medical follow up and therapy as a result of having been born prematurely. On occasion, Taveras is responsible for transporting his children to their various medical appointments.

Taveras has been employed as a machine operator since July 2010. He works approximately sixty hours per week. Taveras' employer has agreed to let Taveras return to work should he be released.

### D. Risk Of Flight

Taveras has ties to the Dominican Republic and has traveled there twice in 2017, first when his grandmother became ill, and again for her funeral. He faces significant jail time if convicted of the underlying offense.

### E. Dangerousness

The instant charge against Taveras is one of narcotics trafficking, which is encompassed within Congress' definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2nd Cir. 1985). However, there is no evidence of a history of violence or a criminal record.

### F. Proposed Conditions of Release And Assessment Of All Factors

The defendant agrees with the conditions for release outlined in the Pretrial Services report.

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court finds that the defendant has rebutted the presumption of dangerousness and flight. While Taveras does face a potentially significant sentence, he does not have a history of violence, nor does he have a criminal record. He has a substantial work history, significant family ties in New Jersey and owns his own home. Accordingly, conditions of release can be fashioned so as to reasonably assure the defendant's appearance as required as well as the safety of the community.

The court will schedule a hearing to set the conditions of release, including electronic monitoring and the surrender of his children's passports.

     /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge